126    APPELLATE COURTS OF ILLINOIS.

Federal Rubber Mfg. Co. v. Plow City Garage, 204 Ill. App. 126.

## Federal Rubber Manufacturing Company, Appellant, v. Plow City Garage, Appellee.

### Gen. No. 6,341.    (Not to be reported in full.)

Appeal from the County Court of Rock Island county; the Hon. NELS A. LARSON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917.

### Statement of the Case.

Action by Federal Rubber Manufacturing Company, plaintiff, against Plow City Garage, defendant, to recover $253.31 balance due upon a bill for automobile tires, to which defendant filed plea of general issue and plea of recoupment, claiming breach of warranty and loss equal to amount of said balance. From a judgment for plaintiff for $168.99, plaintiff appeals, claiming full amount sued for, and defendant assigns cross errors, claiming damages to full amount sued for.

ALBERT HUBER, for appellant.

DIETZ & SINNETT, for appellee.

MR. JUSTICE DIBELL, delivered the opinion of the court.

### Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 113*—*what is authority of agent selling goods.* An agent in making a sale of goods is authorized to do whatever is usual in carrying out the object of his agency, and if a warranty of the goods is usual he may give it in order to effect a sale, and thereby bind his principal.

2. SALES, § 283*—*when custom as to warranty is question of fact.* What is usual in making sales of goods as to a warranty thereof is a question of fact.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

St. Onge v. Hartford Fire Ins. Co., 204 Ill. App. 127.

3. TRIAL, § 57*—*when order for goods is not in evidence.* Where a written order for the purchase of certain goods by defendant was offered ·in evidence, in an action for the purchase price of the goods, and was admitted as to such matters as were indorsed thereon with approval of defendant who signed it and not as to other matters, and no proof was made as to what matters indorsed on the order were made with defendant's approval, *held* that such order was not in evidence and there was nothing to base a claim that a verbal warranty of the goods was avoided by such subsequent written order.

4. SALES—*when rule that written contract avoids prior verbal warranty is inapplicable.* The rule that a written contract of sale avoids a prior verbal warranty has no application where the writing is only an order for the goods.

5. APPEAL AND ERROR, § 1301*—*when presumed that decision of trial court as to amount of damages is correct.* Where the trial court examined certain automobile tires offered in evidence to support a defense of breach of warranty in the purchase thereof, and no witness described such tires and no photograph thereof was in the record or the tires certified to the Appellate Court, *held* that the Appellate Court will presume that the decision of the trial court on the amount of damages was correct.